UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HOWARD O. WUNDERLICH, AS TRUSTEE OF THE
HOWARD O. WUNDERLICH REVOCABLE
LIVING TRUST AND ADELINE E.
WUNDERLICH, IN HER INDIVIDUAL CAPACITY, AND
AS TRUSTEE OF THE ADELINE E. WUNDERLICH
REVOCABLE LIVING TRUST,

           *Plaintiffs*,

- against -

LIBERTY MEADOWS, LLC, DEMETRIUS
TSUNIS, AND ENRICO SCARDA,

           *Defendants*.
-----------------------------------------------------------------x

CASE NO.:

**VERIFIED COMPLAINT**

Plaintiff, Howard O. Wunderlich, as trustee of the Howard O. Wunderlich Revocable Living Trust and Adeline E. Wunderlich, in her individual capacity and as trustee of the Adeline E. Wunderlich Revocable Living Trust (collectively "Plaintiffs"), by their attorneys, Oved & Oved LLP, complaining of the Defendants, upon information and belief, allege as follows:

## SUMMARY OF ACTION

1. This lawsuit seeks monetary damages stemming from Defendants' breach of (i) a note modification agreement, dated April 2, 2010 (the "2010 Note Modification"); (ii) a related promissory note for $800,000 (the "Note") referenced in the 2010 Note Modification; and (iii) a personal guaranty (the "Guaranty"), also referenced in the 2010 Note Modification. (The "2010 Note Modification," the "Note," and the "Guaranty" are collectively referred to as the "Agreements.")

2. After Plaintiffs negotiated the 2010 Note Modification—a settlement in good faith of Defendant Liberty Meadow LLC's ("Liberty") original debt to Plaintiffs and a subsequent extension on that original debt, Defendants took advantage of Plaintiffs for a third time, by failing to fully make the monetary payments due under the Note and Guaranty, as set forth in the

2010 Note Modification. Accordingly, Plaintiffs now seek monetary damages in an amount to be determined at trial of at least $1,169,252.50, including default interest.

## PARTIES

3.  Plaintiff Howard O. Wunderlich, age 94, is a trustee of the Howard O. Wunderlich Revocable Living Trust. Mr. Wunderlich is a resident of Lantana, Florida.

4.  Mr. Wunderlich's wife, Plaintiff Adeline Wunderlich, also age 94, is a trustee of the Adeline E. Wunderlich Revocable Living Trust. (The Howard O. Wunderlich Revocable Living Trust and Adeline E. Wunderlich Revocable Living Trust are collectively referred to as the "Trusts.") Ms. Wunderlich is also a resident of Lantana, Florida.

5.  Defendant Liberty Meadows LLC ("Liberty") is a New York corporation that operates as a condominium and property developer in New York State. Its principal offices are located at One Rabro Drive, Hauppauge, New York 11788.

6.  Defendant Demetrius Tsunis is and, at all relevant time to the allegations in this Complaint, was a managing member of Liberty. Upon information and belief, Defendant Tsunis is a resident of Port Jefferson, New York.

7.  Defendant Enrico Scarda is and, at all relevant time to the allegations in this Complaint, was a managing member of Liberty. Upon information and belief, Defendant Scarda is also a resident of Port Jefferson, New York.

## JURISDICTION & VENUE

8.  This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds the statutory threshold, exclusive of interest and costs.

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because Defendant Liberty's principal office is located in the district and Defendants Tsunis and Scarda

reside in the district.

10. Additionally, the terms of the 2010 Note Modification at issue in this lawsuit, which are explicitly governed by New York law, were negotiated on Long Island, New York.

## FACTUAL BACKGROUND

### A. The Original Debt

11. In or about March 2007, Defendant Liberty entered into an agreement (the "2007 Agreement") with the Trusts to purchase a tract of real property located in Port Jefferson, New York (the "Property") for the purposes of constructing residential condominiums on the Property.

12. In connection with the 2007 Agreement, Defendant Liberty executed and delivered a note, dated March 29, 2007, in favor of the Trusts in the amount of $6,000,000 (the "Original Note") and delivered a mortgage to the Trusts on the Property in the amount of the Original Note.

13. Unable to meet its obligations under the Original Note, on or about May 12, 2008, Defendant Liberty and the Trusts entered into an agreement extending the maturity date of the Original Note from March 29, 2009 until September 30, 2010 (the "2008 Extension Agreement").

14. Defendant Liberty breached the terms of the 2008 Extension Agreement, as well. Specifically, among other consideration under the extension, Defendant Liberty was obligated to pay the Trusts monthly interest until September 30, 2010, which Defendant Liberty failed to do.

15. As a result of Defendant Liberty's breach of the 2008 Extension Agreement, as of April 2, 2010, Liberty owed to the Trusts $8,421,703.00, calculated as: (i) $6,200,000 in principal, plus (ii) $2,240,266 in default interest at the default rate of 24% per annum; plus (iii)

$39,747 in late fees for the period of October 1, 2008 through April 2, 2010, minus Defendant's payment in the amount of $58,310 (the "Original Debt").

### B. The 2010 Note Modification, $800,000 Note, and Guaranty

16. In compromise and settlement of the Original Debt totaling $8,421,703.00, which Defendants were unable to pay, Plaintiff agreed to accept the following: (i) $5,000,000; (ii) conveyance of one of the first condominium units built on the Property to Plaintiffs' son, which at the time was valued at $500,000; (iii) $58,304.50 in attorney's fees; and (iv) prepaid interest totaling $28,000 on part of the $5,000,000. In furtherance thereof, on April 2, 2010, Defendants and the Plaintiffs entered into the 2010 Note Modification.

17. Additionally, in order to incentivize Defendants and ensure that they complied with the terms of the 2010 Modification, the 2010 Note Modification provides that in the event of a default, Defendants Tsunis and Scarda must jointly pay Plaintiffs an additional $300,000.

18. Pursuant to the 2010 Note Modification, the $5 million was payable as follows:

- $4,050,000 on or around April 2, 2010, the closing date of the 2010 Note Modification (which was paid);

- Three checks, post-dated to July 2, 2010, August 2, 2010, and September 2, 2010, each in the amount of $50,000, payable to the Trusts (which were paid); and

- The ($800,000) Note, $400,000 of which was to be secured by a first mortgage on a condominium located at 34 Blair Road, East Setauket, NY and an additional unsecured $400,000, payable on or before December 1, 2010 ("Maturity Date") ($400,000 of which was paid).[1]

19. Based on the 7% interest rate set forth in both the 2010 Note Modification and

---

[1] The Note was payable at the latest on December 1, 2010; however, there were certain conditions that would accelerate the due date on both the secured and the unsecured portions of the Note. If the Setauket property sold before December 1, 2010, then the $400,000 secured by the Setauket property would be accelerated to the day the Setauket property was sold. The unsecured $400,000 would be accelerated to the date Defendant Liberty obtained a construction loan on the Property, if that occurred earlier than December 1, 2010.

the ($800,000) Note, on the closing date of the 2010 Note Modification, Liberty was also obligated to prepay six months of interest on the Note, totaling $28,000 (still owing).

20. Pursuant to the 2010 Note Modification and the Guaranty, Defendants Tsunis and Scarda personally guaranteed the Note.

21. Pursuant to the 2010 Note Modification, Defendant Liberty also agreed to pay Plaintiffs $58,304.50 in legal fees, costs and expenses on April 2, 2012 (still owing).

C. **Defendants Breach the Agreements**

22. Defendants breached the 2010 Note Modification and the Note by failing to pay (i) the remaining $400,000 on the Note; (ii) interest owed from April 2, 2010 to the Maturity Date on the Note totaling at least $28,000; and (iii) the $58,304.50 in legal fees (collectively, the "Outstanding Debt") when it was due under the Agreements.[2] *See* Par. 5 of the 2010 Note Modification and page 2 of the Note.

23. To date, Defendants have not paid any of the Outstanding Debt, totaling $486,304.50.

24. After the Maturity Date lapsed, pursuant to the 2010 Note Modification and the Note, default interest accrued at a rate of 24% per annum on the outstanding $400,000 balance of the Note.

---

[2] Although not the subject of the instant action, the 2010 Note Modification also obligated Defendant Liberty to convey a condominium unit on the Property to Howard Wunderlich and Adeline Wunderlich's son, Alan, by April 2, 2012. Defendant Liberty never conveyed this unit. Thus, while this is technically another amount owed under the 2010 Note Modification and yet another breach, Plaintiffs are not seeking any remedy or relief of that breach in this complaint.

25. To date, in addition to the Outstanding Debt totaling $486,304.50, Defendants owe Plaintiffs default interest totaling $381,633, calculated as follows:

| Accrual Period | Interest Amount |
|---|---|
| Dec. 1, 2010-Nov. 30, 2011 | $96,000.00 |
| Dec. 1, 2011-Nov. 30, 2012 | $96,000.00 |
| Dec. 1, 2012-Nov. 30, 2013 | $96,000.00 |
| Dec. 1, 2013-Nov. 26, 2014 | $94,948.00 |
| Total | $382,948 |

26. Additionally, as noted in paragraph 17, pursuant to the 2010 Note Modification, Defendants Tsunis and Scarda are also obligated to pay Plaintiffs an additional $300,000, which is meant to be in addition to payment under the Note and not in lieu of it.

27. Thus, in total, Defendants owe Plaintiffs **$1,169,252.50**, plus attorney's fees. This amount is calculated by adding the $300,000 additional payment and $382,948 in default interest to the Outstanding Debt of $486,304.50.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Monetary Damages for Breach of the 2010 Note Modification and $800,000 Note)**
**(Defendants Liberty, Tsunis and Scarda)**

28. Plaintiffs repeat, reiterate, and re-allege each and every allegation as contained in the above paragraphs with the same force and effect as if fully set forth herein.

29. Plaintiffs entered into the 2010 Note Modification and the related $800,000 Note with Defendant Liberty.

30. The 2010 Note Modification is a valid and enforceable agreement, personally guaranteed by Defendants Tsunis and Scarda.

31. The Note is a valid and enforceable agreement, personally guaranteed by Defendants Tsunis and Scarda.

32. Plaintiffs fully performed its obligations under the 2010 Note Modification and the Note.

33. The 2010 Note Modification provided that the total debt due thereunder, was due and payable without offset, deduction or counterclaim.

34. Defendants breached the 2010 Note Modification and the Note by failing to pay the Outstanding Debt of **$486,304.50** when it was due under the Agreements.

35. In addition to the Outstanding Debt, Plaintiffs are entitled to receive at least an additional **$382,948.00** in default interest on the $400,000 outstanding balance of the Note, calculated from Maturity Date to present at a rate of $24% per annum, as set forth in the 2010 Note Modification and the Note.

36. The 2010 Note Modification also provides that in the event of a default, such as the one here, Defendants Tsunis and Scarda must pay Plaintiffs an additional **$300,000**, which is meant to be in addition to payment under the Note and not in lieu of it.

37. Furthermore, the 2010 Note Modification provides that Defendants shall indemnify the Trusts and their representatives and hold them harmless against all reasonable costs, expenses and attorney's fees incurred by the Trusts and their representatives arising out of or relating to any breach of the 2010 Note Modification.

38. By reason of the foregoing, Plaintiffs were damaged and are entitled to a monetary judgment against Defendants in an amount to be determined at trial, but not less than **$1,169,252.50**, plus attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of the Guaranty)
### (Defendants Tsunis and Scarda)

39. Plaintiffs repeat, reiterate, and re-allege each and every allegation as contained in the above paragraphs with the same force and effect as if fully set forth herein.

40. Pursuant to the 2010 Note Modification, Defendants Scarda and Tsunis personally guaranteed the Note.

41. Both the 2010 Note Modification and the Guaranty are valid and enforceable agreements.

42. Plaintiffs fully met the conditions and obligations set forth in the 2010 Note Modification and the Guaranty.

43. Defendants Tsunis and Scarda breached the Guaranty by failing to pay the $400,000 outstanding balance on the Note.

44. Defendants Tsunis and Scarda agreed that in the event of such a breach, they would pay Plaintiffs default interest at a rate of 24% per annum, plus an additional $300,000 on top of the Outstanding Debt owed under the 2010 Note Modification.

45. By reason of the foregoing, Plaintiffs were damaged and are entitled to a judgment from Defendants Tsunis and Scarda as set forth in paragraph 38 of the Complaint.

**WHEREFORE**, Plaintiffs demand judgment as follows:

    a. On Plaintiffs' first cause of action, awarding a judgment in favor of Plaintiffs and against Defendants Liberty, Tsunis, and Scarda in an amount not less than $1,169,252.50, together with interest accrued and attorney's fees;

    b. On Plaintiffs' second cause of action, awarding a judgment in favor of Plaintiffs and against Defendants Tsunis and Scarda in an amount not less than $1,169,252.50, together with interest accrued and attorney's fees;

    c. Awarding Plaintiffs their costs and expenses, including their attorney's fees to the extent permitted by applicable law; and

    d. Awarding any such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 26, 2014

By: _____
Darren Oved, Esq.
Adam S. Katz, Esq.
OVED & OVED LLP
*Attorneys for Plaintiffs*
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2376

## VERIFICATION

Howard O. Wunderlich hereby declares to the following under penalties of perjury:

1. I am a trustee of the Howard O. Wunderlich Revocable Living Trust.

2. I have read and know the contents of the foregoing VERIFIED COMPLAINT and that the same are true to my own knowledge, except as to the matters to be alleged on information and belief, and as to those matters I believe them be true.

3. The grounds of my belief as to all matters in said VERIFIED COMPLAINT are my general knowledge and involvement in the events giving rise to this litigation and a general investigation and review of the facts and records in this case.

4. Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

Dated: Lantana, Florida
November 25, 2014

_Howard O. Wunderlich_
Howard O. Wunderlich