BRACKEN MARGOLIN BESUNDER LLP

*Attorneys at Law*

LINDA U. MARGOLIN
Partner
Tel. Ext. 226
lmargolin@bmblawllp.com

1050 Old Nichols Road
Suite 200
Islandia NY 11749
TEL 631 234 8585
FAX 631 234 8702
www.bmblawllp.com

February 25, 2015

***VIA ECF***

Magistrate Judge Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 840
Post Office Box 9014
Central Islip, New York 11722-9014

**Re: Howard O. Wunderlich, as Trustee *et al.***
**v. Liberty Meadows, LLC *et al.***
**Case No. 2:14-cv-06936 (LDW)(GRB)**

Dear Magistrate Judge Brown:

We represent Defendants Liberty Meadows, LLC, Demetrius Tsunis, and Enrico Scarda in the above-referenced matter. I write to oppose the adjournment requested by the Plaintiff whose counsel notified me only today, via e-mail while I was on trial, that he sought my consent to adjourning next Monday's conference.

I believe discovery ought to proceed and certainly an initial conference including mandatory Rule 26 Disclosures ought to proceed, especially in view of the issues that we pointed out to Judge Wexler in our letter opposing permission for Plaintiffs to move for summary judgment. Because I continue to be on trial and in the office only a short time this evening, I am appending a copy of my letter to Judge Wexler for Your Honor's information. I am particularly concerned that we get early discovery on the issue of the competency of the nominal plaintiffs. Additional information that we were able to gather informally is the source for the allegations that are contained in the numerous affirmative defenses pleaded in the Answer.

Very truly yours,

Linda U. Margolin

LUM/si
Attachment
cc: Adam S. Katz, Esq.

{00215183.1}

BRACKEN MARGOLIN BESUNDER LLP

*Attorneys at Law*

1050 Old Nichols Road
Suite 200
Islandia NY 11749
TEL 631 234 8585
FAX 631 234 8702
www.bmblawllp.com

LINDA U. MARGOLIN
Partner
Tel. Ext. 226
lmargolin@bmblawllp.com

January 12, 2015

***VIA ECF and***
***Courtesy Copy via Regular Mail***

Hon. Leonard D. Wexler, U.S.D.J.
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

**Re: Howard O. Wunderlich, as Trustee *et al.***
**v. Liberty Meadows, LLC *et al.***
**Case No. 2:14-cv-06936 (LDW)(GRB)**

Dear Judge Wexler:

I write to respond to the letter from Plaintiffs' counsel in the above matter. I represent the Defendants.

Plaintiffs' letter to Your Honor of January 5th took us completely by surprise, since they had just granted us a short extension of the time to answer from Christmas Eve to January 16th, in return for a waiver of any defenses based on lack of personal jurisdiction. (The stipulation to that effect was recently so-ordered by Judge Magistrate Gary Brown.) Given this extension, and my clients' and my holiday plans, our first meeting to review in detail the Complaint's allegations, my clients' documents and other evidence relevant to their defenses will not take place until tomorrow; when Plaintiffs' January 5th letter was received, Defendant Demetrius Tsunis ("Tsunis"), the managing member of Defendant Liberty Meadows, LLC ("Liberty"), was out of town and unavailable, and he did not return until Friday of last week.

Plaintiffs' request for a pre-motion conference for a summary judgment motion is premature because it comes before Defendants have had ***any*** opportunity to conduct discovery, and prior even to Rule 26 disclosure. The Second Circuit does not favor summary judgment motions made before defendants have a chance to conduct discovery, *see, e.g., Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303-04 (2d Cir. 2003). "[S]ummary judgment should only be granted 'if ***after discovery***, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'' Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986))." *Hellstrom v. United States Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000).

Because of the surprise occasioned by Plaintiffs' premature letter, I have had only a very limited opportunity to date to make the "reasonable inquiry" required by Fed. R. Civ. P. Rule 11. Nonetheless, the balance of this letter sets out what I believe are Defendants' potential defenses and disputed factual issues with respect to Plaintiffs' proposed summary judgment motion, based on the inquiry I have been able to conduct up until this time.

• It appears that the Plaintiffs may not possess the mental and legal capacity to bring suit in their purported capacity as trustees (and individually in the case of Adeline Wunderlich). It is reported that Howard and Adeline Wunderlich, who are both in their mid-nineties, are both suffering from dementia, are under the care and undue influence of one of their children and are unable when they speak on the phone to say where they are. The Complaint itself is suggestive of a problem with mental capacity: although Howard Wunderlich purportedly read and verified the Complaint, it refers to him as "Mr. Wunderlich," although he was a career physician who insisted that he always be addressed as "Dr. Wunderlich."

• Based upon a review of the executed 2010 Modification Agreement ("Agreement"), I believe that Tsunis and Defendant Enrico Scarda ("Scarda") are not liable for the "Additional Payment" obligation of $300,000 referred to in the Plaintiffs' letter and underlying Complaint, because that purported obligation is contained in Par. 6 of the Agreement, while Tsunis and Scarda in their individual capacities have a limiting provision on their signature lines that their signatures were "as to paragraph 5 and 9 only."

•Based upon a review of the executed Agreement, I believe that a handwritten modification was made prior to signing reducing the amount of attorney's fees to be paid by Liberty to some lesser sum, although the handwritten notation I have reviewed is difficult to read and cut off at the margin.

• I believe that the documents on which Plaintiffs rely for their proposed motion were orally modified after execution, by dint of conversation(s) between Tsunis and/or Scarda with Plaintiff Howard O. Wunderlich ("Howard") and/or Howard's son, Alan Wunderlich, who represented that he was authorized to act as Howard's agent.

• I believe that Liberty's financial records show that it paid at least an additional $100,000 against the promissory note recited in Plaintiffs' letter and that the outstanding principal balance is therefore less than sought by Plaintiffs, with a consequent reduction in interest as well.

• I believe as well that a written "Option Agreement" dating from March, 2007 and executed contemporaneously with the original mortgage existed between the Plaintiffs and the Defendants to the effect that the ultimate conveyance of a certain condominium unit to Alan

Wunderlich, Plaintiffs' son, would entitle Defendant Liberty to a $300,000 offset against the debt due to Plaintiffs, and that reference to this 2007 agreement was omitted by mutual mistake from the Agreement. Alan Wunderlich is presently suing in New York State court for specific performance conveying that condominium unit to him.

• Finally, I believe but have not yet had the ability to conduct a sufficient inquiry, that under the oral modification referenced above, Howard Wunderlich and/or his agent, Alan Wunderlich, had agreed to give notice to Defendants if and when a default was declared (which purportedly triggered a default interest rate of 24%) but that no such notice was given.

All of the above-referenced issues are expected to require discovery. Given Fed. R. Civ. P. 56(d), a summary judgment motion at this time would both waste the Court's time and prejudice Defendants by forcing them to expend money and time on opposing such motion when the need for discovery is clear. We respectfully urge that Plaintiffs should be directed to defer their request for a pre-motion conference until after discovery is complete.

Very truly yours,

Linda U. Margolin

LUM/si
cc: Adam S. Katz, Esq. (via e-mail)