UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

HOWARD O. WUNDERLICH, as Trustee of the HOWARD O. WUNDERLICH REVOCABLE LIVING TRUST AND ADELINE E. WUNDERLICH in her Individual Capacity, and as Trustee of the ADELINE E. WUNDERLICH REVOCABLE LIVING TRUST,

Plaintiffs,

-against-

LIBERTY MEADOWS, LLC, DEMETRIUS TSUNIS, and ENRICO SCARDA,

Defendants.

-----------------------------------------------------------------X

Case No. 2:14-cv-06936 (LDW)(GRB)

**DECLARATION OF LINDA U. MARGOLIN**

I, Linda U. Margolin, make the following declaration, under the penalty of perjury, pursuant to 28 U.S.C. § 1746(2):

1. I am a member of the firm of BRACKEN MARGOLIN BESUNDER LLP, attorneys for Defendants LIBERTY MEADOWS, LLC ("Liberty"), DEMETRIUS TSUNIS, and ENRICO SCARDA in this action. I make this declaration in connection with the Plaintiffs motion for summary judgment.

2. Under Fed. R. Civ. P. 56(d), a non-movant is entitled to show by affidavit or declaration that for specific reasons, it cannot present facts which are essential to justify its opposition to the motion. I make this declaration in order to give the reasons why proof of certain facts cannot be marshaled at this time.

3. Plaintiffs sought permission to make this motion from the Court before any discovery had been conducted, and indeed, before Defendants had even interposed an answer. Since that time, Magistrate Judge Brown conducted an initial conference on March 3, 2015, and issued an order directing Phase I discovery and set an end date for all other discovery. Phase I

discovery is not required to be completed until April 15, 2015. Although Defendants have furnished Plaintiffs with copies of cancelled checks in advance of that date, Plaintiffs have thus far not provided us with either the Rule 26 disclosure or the documents they agreed to give as Phase I discovery—their closing statement from April 2, 2010, and any invoices, statements etc. that bear on whether their former attorneys, Reisman, Peirez & Reisman, accepted a compromised amount of $29,500 as payment in full of a bill of over $58,000. These documents are expected to provide evidence of the Plaintiffs' agreement to the changes that were negotiated at the closing table on April 2, 2010.

4. Defendants have been able to secure copies of negotiated checks issued by Liberty on its account at Bethpage Federal Credit Union ("BFCU") in 2010 that show that Defendants paid $100,000 more in principal than they were obliged to pay on April 2, 2010, and that Defendants paid $12,000 in prepaid interest on April 2, 2010. Defendants were further able, via informal discovery, to secure copies of official checks of BFCU dated April 2, 2010, making remittances on Liberty's behalf. These checks, detailed in the accompanying declaration of Demetrius Tsunis, show that $16,000 in prepaid interest was paid to Howard O. Wunderlich with a memo notation "Prepaid interest 6 mo; Bal due 12,000." Another check for $50,000 was made payable to and negotiated by Howard and Adeline Wunderlich. A third check, for $29,500, was issued to Reisman, Peirez & Reisman, is endorsed by that firm for deposit and the memo portion of the check states "Legal Fee Paid in Full."

5. Defendants need further time to secure document discovery and conduct depositions to gather additional proof of the facts recited in the Tsunis Declaration. Because there has been no discovery, we are unable to present an affidavit providing a business record foundation for the BFCU official checks. Document demands for the account statements and

bank records of the Plaintiffs and Howard O. Wunderlich should result in further evidence that these payments were, in fact, received. The closing statement that was prepared for Plaintiffs at the time the April 2, 2010 documents were executed is expected to supply evidence that Plaintiffs agreed to defer the due date for a portion of the prepaid interest, that Plaintiffs received an additional $100,000 in principal payoff, and that Plaintiffs agreed to the lesser payment for attorney's fees.

6. Other document discovery is needed from Plaintiffs and/or their former counsel in connection with the 2007 closing at which they transferred title, and in connection with the Fourth Amendment to the contract of sale, both of which events play a role in the genesis of the $300,000 credit that Liberty claims wipes out an equivalent amount of its debt to Plaintiffs. Such documents should provide evidence confirming Liberty's right to a $500,000 credit because of Plaintiffs' election to take a condo unit worth at least $500,000. That credit was partially applied to the extent of $200,000 in 2007, and Plaintiffs' closing statement from 2007 and other documents that we expect exist should demonstrate that Liberty was still entitled to the remaining $300,000 of this credit on December 1, 2010.

7. Depositions of both Howard and Adeline Wunderlich are also critical to Defendants' ability to oppose summary judgment because the circumstances of this motion and other circumstances (recited in the answer) suggest that Howard O. Wunderlich and Adeline Wunderlich, believed to be the trustees of their respective trusts, have impaired memories and are not credible, and that their positions in this lawsuit may be the recent product of undue influence exerted by one of their children. For instance, Plaintiffs in sworn declarations flatly deny receiving payments that documentary evidence shows they received. For instance, Plaintiffs now claim that Defendants breached an agreement and a promissory note and missed

payments beginning as early as April 2, 2010, and failed to pay $400,000 due on December 1, 2010, but provide no explanation of why, for almost four years, they sat silently by and did nothing, which is inconsistent with such claims. As noted in the Tsunis Decl., until Defendants were served with the summons and complaint in this action at the end of 2014, they had received no communications by or on behalf of the Plaintiffs claiming that Defendants had breached any agreement; they likewise failed to give any notice of their new address where any payments could be directed. In addition, these depositions are needed to probe what assurances Defendants received from Dr. Wunderlich and his son that no default remedies would be sought by the Plaintiffs, which assurances are contradicted by Plaintiffs present claim that the individuals Demetrius Tsunis and Enrico Scarda are liable to pay a $300,000 penalty under Paragraph 6 of the 2010 Modification Agreement. They are also needed to explore what factual basis, if any, Plaintiffs have for asserting that Tsunis and Scarda are bound by Paragraph 6, although the signatures of these individuals are explicitly limited to other, different paragraphs.

8. Depending upon Rule 26 disclosure, other depositions may also be necessary of persons who possess knowledge about the alleged defaults.

9. As Defendants counsel, I objected to Plaintiffs request to make an early motion for summary judgment precisely because Defendants needed and were entitled to conduct discovery before having to oppose such a motion. Our pleas went unheeded by Plaintiffs, forcing us to respond to this motion in the absence of being able to gather evidence through the discovery process.

10. Finally, the Tsunis Declaration asserts that two of Howard and Adeline's children have reported that they suffer from dementia and are not competent. Depositions are necessary to explore this defense, including whether Howard Wunderlich is competent to understand and

execute his declaration in support of the motion for summary judgment, and whether Howard and Adeline Wunderlich are able to serve as Trustees and have the capacity to bring this lawsuit.

WHEREFORE, I respectfully request that the Court deny Plaintiffs' premature motion for summary judgment.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on April 7, 2015

Linda U. Margolin