```
                                                               FILED
                                                          IN CLERK'S OFFICE
                                                        U S DISTRICT COURT E D N Y
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                            ★    MAR 03 2016    ★
----------------------------------------------------------X
HOWARD O. WUNDERLICH, as Trustee of the                      LONG ISLAND OFFICE
HOWARD O. WUNDERLICH REVOCABLE
LIVING TRUST and ADELINE E.                             MEMORANDUM AND ORDER
WUNDERLICH in her Individual Capacity, and
as Trustee of the ADELINE E. WUNDERLICH                 CV 14-6936
REVOCABLE LIVING TRUST,
                                                        (Wexler, J.)
                Plaintiffs,

        -against-

LIBERTY MEADOWS, LLC, DEMETRIUS
TSUNIS, and ENRICO SCARDA,

                Defendants.
----------------------------------------------------------X
```

APPEARANCES:

Oved & Oved LLP
By: Darren Oved, Esq.
    Adam S. Katz, Esq.
401 Greenwich Street
New York, NY 10013
Attorneys for Plaintiffs

Bracken Margolin Besuner LLP
By: Linda U. Margolin, Esq.
    Jeffrey D. Powell, Esq.
1010 Old Nichols Road, Suite 200
Islandia, NY 11749
Attorney for Defendants

WEXLER, District Judge:

In this diversity action, Plaintiff Howard O. Wunderlich, as Trustee of the Howard O. Wunderlich Revocable Living Trust, and Adeline E. Wunderlich in her individual capacity and as Trustee of the Adeline E. Wunderlich Revocable Living Trust ("Wunderlich" or "Plaintiffs") bring claims for breach of contract and breach of guaranty against defendants

Liberty Meadows, LLC ("Liberty"), Demetrius Tsunis ("Tsunis"), and Enrico Scarda ("Scarda") (collectively, "Defendants"). Before the Court is Plaintiffs' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. Proc.").

The relationship at issue here goes back to 2003, when Defendant Liberty entered into a contract of sale to purchase real property to be developed from Howard and Adeline Wunderlich. See Declaration of Demetrius Tsunis ("Tsunis Dec."), ¶ 3. Approvals required to develop the property were delayed, which caused payments due under the to contract of sale to be delayed. After various extensions and amendments, on March 27, 2007, title was closed and Liberty delivered to Plaintiffs[1] a mortgage and note in the amount of $6 million in connection with the purchase of the property. See Tsunis Dec., ¶¶ 3-7. Subsequent to that, by agreement dated April 2, 2010, Liberty and Plaintiffs executed a modification agreement with respect to those obligations ("2010 Modification"). The 2010 Modification provided for a note in the amount of $800,000 ("Note") to be executed and delivered by Liberty to Plaintiffs, that would be personally guaranteed by Defendants Tsunis and Scardo. See Declaration of Howard O. Wunderlich ("Wonderlich Dec."), Exhibit ("Ex.") A.

By this action, Plaintiffs claim that all Defendants breached obligations under the 2010 Modification and Note, and that Defendants Tsunis and Scardo breached the guaranties they provided. Plaintiffs move for summary judgment on these claims.

The standards for summary judgment are well settled. Rule 56(a) of the Fed. R. Civ. Proc. states that summary judgment is appropriate only if "the movant shows that there is no

---

[1] In the interim, ownership of the property had been transferred into two trusts, except for one parcel which continued to be held in the individual name of Adeline Wunderlich. See Tsunis Dec., at 5.

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts .... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original)).

The Court has reviewed the parties' submissions, and concludes that issues of fact exist that preclude entry of summary judgment with respect to Plaintiffs' claims. Those various issues include, *inter alia*, whether the parties orally modified the 2010 Modification, either at the time of the closing on the 2010 Modification or later; and if so, what the agreed terms were, including the scope of the guaranties,[2] and whether the parties agreed to waive certain default remedies. Furthermore, there are questions of fact as to Defendants' assertion that payments were made or

---

[2] Defendants Tsunis and Scardo assert that the signature lines on the 2010 Modification indicate their agreement to guarantee only paragraphs 5 and 9; Plaintiffs claim this is a typographical error. Compare Wunderlich Dec., Ex. A, at 14 with Plaintiffs' Reply Memorandum, at 6-7.

credits given at the closing or thereafter, to satisfy the Note and/or 2010 Modification. For example, Defendants claim they made payments of interest and attorneys' fees. In light of these factual disputes, Plaintiffs' motion for summary judgment is denied. See Fed. R. Civ. P. 56(c) (a party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law"); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Reiseck v. Universal Communications of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010).[3]

Counsel are reminded that the bench trial of this case is scheduled for May 2, 2016 at 9:30 a.m.

SO ORDERED.

s/ Leonard D. Wexler
_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       March 3, 2016

---

[3] Defendants also claim the Plaintiffs suffer from dementia and question the Plaintiffs' mental capacity and memory on some of the relevant issues.